**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| PLATTE RIVER INSURANCE COMPANY, a corporation,    )<br>   )<br>   )<br>Plaintiff.    )<br>   )<br>vs.    )<br>   )<br>STEVEN A. MILTENBERGER, an individual,    )<br>SONDRA K. MILTENBERGER, an individual,    )<br>and JASON M. MILTENBERGER, an individual,    )<br>   )<br>Defendants.    ) | Cause No.:_____ |

**COMPLAINT FOR QUIA TIMET RELIEF,**
**EXONERATION, INJUNCTION AND FOR OTHER RELIEF**

COMES NOW Plaintiff Platte River Insurance Company, and for its Complaint for Quia Timet Relief, Exoneration, Injunction and Other Relief against Defendants Steven A. Miltenberger, Sondra K. Miltenberger, and Jason M. Miltenberger (collectively, "Indemnitors"), states:

**PARTIES, JURISDICTION AND VENUE**

1.    Platte River Insurance Company ("Platte") is a foreign corporation and insurance company organized under the laws of the State of Wisconsin and authorized to conduct business in the State of Missouri.

2.    Defendant Steven A. Miltenberger is a citizen and resident of the State of Missouri.

3.    Defendant Sondra K. Miltenberger is a citizen and resident of the State of Missouri.

4.      Defendant Jason M. Miltenberger is a citizen and resident of the State of Missouri.

5.      This Court has subject-matter jurisdiction under 28 USC § 1332.  The amount in controversy exceeds $75,000, exclusive of interest and cost, and is between citizens of different states.

6.      Venue is proper in Eastern District of Missouri under 28 USC § 1391(a).

7.      On or about April 30, 2009, Jump Oil Company, Inc. as Principal [by Steven A. Miltenberger, Sr., President/Corp. Sec.], and Defendants Jason M. Miltenberger, Steven A. Miltenberger, Sr., and Sondra K. Miltenberger, individually as Indemnitors, executed a "General Indemnity Agreement" for the continuing benefit of Capitol Indemnity Corporation and/or Platte River Insurance Company, as Surety.   A copy of the General Indemnity Agreement is attached hereto as Exhibit 1, and is incorporated into this Complaint as if fully set forth herein.

8.      The General Indemnity Agreement contains the following relevant provisions:

**GENERAL INDEMNITY AGREEMENT**

***

**Section 2 – Indemnification.**  The Undersigned shall and will at all times defend, when requested by the Surety to do so, and shall and will indemnify, and keep indemnified, and hold and save harmless the Surety against all demands, claims, loss, costs, damages, expenses and fees including any attorneys' fees whatsoever, and for and from any and all liability therefore, sustained or incurred by the Surety by reason of executing or procuring the execution of any said Bond(s), or any other Bond(s), which maybe already or hereafter are executed for or at the request of the Principal or the Undersigned or any of them, or renewal or continuation thereof; or sustained or incurred by reason of making any investigation on account thereof, prosecuting or defending any action brought in connection therewith, obtaining a release therefrom, recovering or attempting to recover any salvage in connection therewith or enforcing by litigation or otherwise any of the

2

agreements herein contained. Payment of amounts due Surety hereunder together with pre and post judgment interest at the then legal rate shall be payable upon demand.

**Section 3 – Collateral required.** The Undersigned agree that if Surety shall be required or shall deem it necessary to set up a reserve in any amount to cover any claim, demand, liability, expense, suit, order, judgment or adjudication under or on any Bond(s) or for any other reason whatsoever, the Undersigned will immediately upon demand deposit with Surety an amount of money or collateral in an amount sufficient to cover such reserve and any increase thereof, or for any payment or compromise of any liability, claims, demands, judgment, damages, fees and disbursements or other expenses; and, the Undersigned, in the event of their failure to comply with such demand, hereby authorize and empower any attorney of any court of record of the United States of any of its territories or possessions, to appear for them or any of them in any suit by Surety and to confess judgment against them or any of them for any sum or sums of money so paid or for which the Surety is obligated, together with any and all costs, interest and fees including attorneys' fees; such judgment, however, to be satisfied upon the payment of any and all such sums as may be found due from the Undersigned to Surety under the terms of this Agreement. The authority to confess judgment as set forth herein shall not be exhausted by any single use thereof, but may be exercised from time to time and more than onetime until all liability of the Undersigned to Surety shall have been paid in full. Demand shall be sufficient, whether or not actually received, if sent by registered or certified mail to the Undersigned at the address or addresses given herein or last known to Surety.

\*\*\*

**Section 5 – Breach of this Agreement.** The Undersigned agree that the Surety shall have the right, at its sole option and discretion; (a) To deem this Agreement breached should the Principal or any of the Undersigned become involved in any agreement or proceeding of liquidation, receivership, or bankruptcy, voluntarily or involuntarily, or should the Undersigned, if an individual die, or if there is a change more then 10% interest in the ownership of the bonded Principal, or if the principal or any of the officers or shareholders holding 10% or more of the ownership of the principal be convicted of a felony, become a fugitive from justice, or for any reason disappear and cannot immediately be found by the Surety; and, (b) Failure of the Undersigned to adjust, settle or compromise any claim, demand, suit or judgment upon said Bond(s), or any of them, unless the Undersigned shall have requested in writing that the Surety litigate such claim or

demand, or defend such suit, or appeal from such judgment, and shall deposit with the Surety, at the time of the request, cash or collateral satisfactory to the Surety in an amount to be used in paying any judgment(s) rendered together with all interest, costs, expenses, fees and attorneys' fees.   All damage(s), loss, cost(s), expense(s), fees including attorneys' fees of any nature that the Surety may sustain or incur under this Section shall be borne solely by the Undersigned.

**Section 6 – Assignment of Indemnitor's property.** For the better protection of the Surety, if any bond is executed or issued by the Surety, the Undersigned and each of them agree to and by these presents, do hereby assign, transfer and convey to the Surety, all of their right, title, interest and estate in and to all of their property, real, personal or mixed, wherever situated or of whatever nature, in which the Undersigned presently have, or may hereafter obtain….

9.     Under Section 11 of the General Indemnity Agreement, each Defendant additionally granted Plaintiff the right to access and examine their respective books, records and accounts at any time during normal business hours as evidenced by their notarized signatures to said Agreement.

10.     Under Section 13 of the General Indemnity Agreement, each Defendant expressly acknowledges that Plaintiff Surety has every right and remedy as a personal surety without compensation, including the right to institute this Quia Timet proceeding to secure its own discharge from liability under any undertaking of surety entered into at their request or for the benefit of Jump Oil Company, Inc.

11.     At the request of Defendants and in reliance on the terms of the said General Agreement of Indemnity, Plaintiff Platte River Insurance Company as Surety, and Jump Oil Company, Inc., as its principal, executed a Motor Fuel Tax Surety Bond (Bond No. 41141689) dated May 13, 2009 in the penal sum of $300,000.   The subject Bond was delivered to the State of Missouri as required by law.   A copy of the Bond is attached as Exhibit 2, and incorporated into this Complaint as if fully set forth herein.

12.     Plaintiff has been notified of a Claim by the Missouri Collector of Revenue for unpaid Motor Fuel Taxes and Fees owed by Plaintiff's Bond Principal, Jump Oil Company Inc., for which the Claimant states it has not been paid.  The amount owed and claimed under the Bond exceeds the $300,000 penal sum of the Bond.  A copy of the Missouri Department of Revenue's Proof of Claim dated June 11, 2013 is attached as Exhibit 3 and incorporated into this Complaint as if fully set forth herein.

13.     The total claim for unpaid Motor Fuel Tax due and owing to the Missouri Department of Revenue by Jump Oil Company, Inc. is $1,029,000.67.

14.     On information and belief, Plaintiff alleges that Jump Oil Company, Inc. is a debtor in possession, and is in default in its payment obligations to the State of Missouri and the condition of the Bond; has failed and refused to pay the Claim of the Missouri Department of Revenue; and, is in default of its payment obligation as required by law. Under the terms and conditions of Plaintiff's Motor Fuel Tax Bond, Plaintiff is liable for payment of just claims and will be compelled to pay as may be just and proper.

15.     On information and belief, Plaintiff alleges that Jump Oil Company, Inc. has not, and will not have, sufficient funds to pay the taxes and fees due the Missouri Department of Revenue.

16.     As between Plaintiff and Defendants, the liability, joint and severally, of the Defendants for all of the above mentioned indebtedness of Jump Oil Company, Inc. is primary under the General Indemnity Agreement and the liability of this Plaintiff is secondary, and the Defendants, jointly and severally, should be required to pay the amount that is due the Missouri Department of Revenue or to place with this Plaintiff funds or

property sufficient to meet all such claims or demands before this Plaintiff, as Surety, should be required to make payment.

17.    Plaintiff is entitled to exoneration by, and indemnity from the individual Defendants, Jason M. Miltenberger, Steven A. Miltenberger, and Sondra K. Miltenberger, and each of them, with respect to liability for the above mentioned amounts due the Missouri Department of Revenue, including all appropriate relief with respect thereto.

18.    Plaintiff is entitled to specific performance of the General Indemnity Agreement executed by each of the Defendants, and to have judgment jointly and severally against said Indemnitors as Defendants herein for all sums that Plaintiff may be required to pay by virtue of having executed the Motor Fuel Tax Bond, including attorney's fees, costs and expenses.

19.    Plaintiff has no adequate remedy existing at law, and the equitable relief sought herein constitutes the only means by which Plaintiff can secure adequate relief, and by which further justice can be served.

20.    By way of Quia Timet Relief, Plaintiff further alleges that it provided the suretyship mentioned herein in consideration of the General Indemnity Agreement given to it by the Defendants and the representations made by them in the financial statement also given to it by the Defendants that such Indemnity Agreement was backed up and supported by various property holdings, both real and personal.  Plaintiff has made demand upon the Defendants for them to furnish collateral or other security sufficient to meet the obligations set forth herein in accordance with Plaintiff's right as a Surety to exoneration and to be held harmless from liability to which it is exposed by reason having executed the Bond.

21.     Defendants, and each of them, have thus far failed and refused to discharge their individual obligations to exonerate, hold harmless, and indemnify Plaintiff.

22.     Plaintiff will suffer irreparable harm and damage, and be without relief at law or in equity unless the Defendants, and each of them, and their agents, attorneys and assigns are enjoined and restrained by Order of this Court from encumbering, transferring or otherwise disposing of their said property and all other property which they have listed in the financial statement given by them to support their General Indemnity Agreement and which might be used to exonerate the Plaintiff from the above stated tax obligations due the Missouri Department of Revenue.

23.     Defendants, and each of them, have failed and refused to meet their obligations to Plaintiff under the General Agreement of Indemnity.  In particular, Defendants refuse to place Plaintiff in funds or collateral, both in the amount and according to the procedure set forth in the General Indemnity Agreement.

24.     Plaintiff is entitled to be fully collateralized by Defendants, and each of them, before Plaintiff makes any payment to discharge its Bond obligations.  Unless the injunction relief requested herein is granted, Plaintiff will not be adequately secured for its obligations prior to making such payments.  Further, unless the injunctive relief requested herein is granted, Defendants may sell, transfer, pledge, encumber or otherwise dispose of their assets thus precluding their use to discharge Defendants' obligations to exonerate and indemnify Plaintiff, all to Plaintiff's irreparable harm and damage.

25.     Plaintiff is without a plain, speedy or adequate remedy at law and will be irreparably and permanently injured unless this Court grants the injunctive and equitable relief herein.

26.     Plaintiff has been forced to retain legal counsel and to incur other expenses in pursuit of its rightful interest in this matter, and therefore is entitled to its legal fees and expenses incurred herein pursuant to the terms of the General Indemnity Agreement.

WHEREFORE, Plaintiff Platte River Insurance Company demands judgment against Defendant Indemnitors Steven A. Miltenberger, Sondra K. Miltenberger, and Jason M. Miltenberger, jointly and severally, as follows:

1.     That Platte River Insurance Company be exonerated by Defendants Steven A. Miltenberger, Sondra K. Miltenberger, and Jason M. Miltenberger, jointly and severally, of any and all liability under the above-mentioned Bond to the Missouri Department of Revenue, and to any others who may have lawful claims against the Bond executed by Plaintiff for Jump Oil Company, Inc.

2.     That Defendants, jointly and severally, be compelled to discharge all such claims and indebtedness as may exist against the Bond, and that the assets, properties, and monies of said Defendants, and each one of them, be first resorted to and exhausted before this Plaintiff is required to expend its funds in satisfaction of the claim referred to in the Complaint.

3.     That the Court inquire into, adjudge and decree the validity of the claim of the Missouri Department of Revenue as set forth in the Complaint, and of any other claim which may hereafter arise out of the matters referred to in the Complaint, and determine the rights, duties and liabilities of the respective parties.

4.     That the Defendants Steven A. Miltenberger, Sondra K. Miltenberger, and Jason M. Miltenberger, jointly and severally, be required specifically to perform their Indemnity Agreement and to hold harmless this Plaintiff from all liability, loss, costs and

expenses, including attorney's fees, which it may sustain or incur by reason of the execution of the Bond.

5.      That Plaintiff be granted full rights of subrogation to the rights of the obligee under the Bond and to the rights of Claimants which the Plaintiff may be ordered to pay, to the end that the Plaintiff, as Surety, may be made whole.

6.      That Plaintiff have judgment jointly and severally against Defendants Steven A. Miltenberger, Sondra K. Miltenberger, and Jason M. Miltenberger, jointly and severally, for all indemnity for:  all sums incurred and paid by Plaintiff by reason of the execution of the Bond, including all costs and expenses incurred and paid in connection therewith; all sums ordered to be paid by Plaintiff, including all costs and expenses incurred in connection therewith, and reasonable attorney's fees in an amount to be determined by the Court.

7.      That Defendants Steven A. Miltenberger, Sondra K. Miltenberger, and Jason M. Miltenberger, jointly and severally, be restrained and enjoined from transferring, encumbering or otherwise disposing of their property, both real and personal, without the prior express written consent of the Plaintiff until such time as proof of record is made herein by the Defendants that all claims to which the Plaintiff is exposed to liability on their account have been liquidated and discharge.

8.      That such rule or rules to show cause why the relief sought should not be granted be issued herein as may be required or may be deemed necessary.

9.      That the Court enter its Order requiring each of the Defendants to allow Plaintiff full and complete access to financial books, records and accounts maintained by them.

10.     That Plaintiff have such other and further relief as may be just and proper by virtue of the premises, or as the case may require.

Respectfully submitted,

DEVEREUX MURPHY LLC

By: _/s/ David D. Crane_
David D. Crane, #29347MO
101 South Hanley, Suite 400
St. Louis, MO 63105
dcrane@devereuxmurphy.com
Tel:  (314) 721-1516
Fax:  (314) 721-4434
*Attorney for Platte River Insurance Company*

# GENERAL INDEMNITY AGREEMENT

**THIS AGREEMENT** is made by the Undersigned for the continuing benefit of Capitol Indemnity Corporation and/or Platte River Insurance Company as their interests may appear (hereinafter referred to [collectively as the context may require] as the "Surety") for the purpose of saving Surety harmless and indemnifying each and all of them from all loss and expense in connection with any Bond(s) executed on behalf of any one or more of the following persons, firms or corporations, (hereinafter referred to as Principal(s));

Jump Oil Company, Inc.

P.O. Box Jefferson City MO 65102-1707

and, Jason Miltenberger, Individually; Steven A Miltenberger Sr., Individually; Sondra K Miltenberger, Individually

as Indemnitor(s) (collectively "Undersigned" or "the Undersigned.")

I authorize the Surety or its agents to investigate my credit and Principal's credit, now and at any time in the future, with any creditor, supplier, customer, financial institution, or other person or entity. Authorization is hereby granted to any of the aforementioned, now and at any time in the future, to release information to the Surety pertaining to credit. The Surety has relied upon and will continue to rely upon the representations by the Principal and Indemnitor's as to their character, identity, control, beneficial ownership, financial condition and existence in executing or procuring bonds.

WITNESSETH,

WHEREAS, the Undersigned, individually, jointly and severally with others and on behalf of any of its subsidiaries, affiliates or divisions or their subsidiaries, affiliates or divisions now in existence or hereafter formed or acquired; or on behalf of individuals, partnerships or corporations, have a substantial interest in the Principal obtaining bonds; and, the Principal and/or the Undersigned may desire to or be required to furnish certain bonds, undertakings, or instruments of guarantee (all of which will hereinafter be included within the term "Bond" or "Bonds"); and,

WHEREAS, at the request of the Undersigned and upon the express precondition of the execution of this Instrument, and in further consideration of the Surety now or in the future executing or procuring the execution or has previously executed or procured the execution, of such Bonds; and, the Surety may in its sole discretion continue the Bond(s) heretofore executed and may at its sole option forebear cancellation of such Bond(s).

NOW, THEREFORE, in consideration of the Recitals above which are incorporated herein and of the execution of any such Bond(s) or the forbearance of cancellation of existing Bond(s) and as an inducement to such execution or forbearance, we, the Undersigned jointly and severally, agree to and do hereby bind ourselves, our heirs, executors, administrators, trustees, successors and assigns, jointly and severally, together with any of its or their subsidiaries, affiliates or divisions now in existence or hereafter formed or acquired, as follows:

**Section 1 – Prompt payment of premiums.** The Undersigned agree to promptly pay to the Surety in advance upon the execution of each Bond the initial premium computed in accordance with the rates currently charged by the Surety at the time such Bond is executed and the Undersigned will also promptly pay all renewal or additional premiums, when due, computed at such rates then in effect and which premiums shall continue to accrue until written proof is furnished to the Surety in a form satisfactory to the Surety of its legal discharge from all obligations and liability under such Bond(s).

**Section 2 – Indemnification.** The Undersigned shall and will at all times defend, when requested by the Surety to do so, and shall and will indemnify, and keep indemnified, and hold and save harmless the Surety against all demands, claims, loss, costs, damages, expenses and fees including any attorneys' fees whatsoever, and for and from any and all liability therefore, sustained or incurred by the Surety by reason of executing or procuring the execution of any said Bond(s), or any other Bond(s), which maybe already or hereafter are executed for or at the request of the Principal or the Undersigned or any of them, or renewal or continuation thereof; or sustained or incurred by reason of making any investigation on account thereof, prosecuting or defending any action brought in connection therewith, obtaining a release therefrom, recovering or attempting to recover any salvage in connection therewith or enforcing by litigation or otherwise any of the agreements herein contained. Payment of amounts due Surety hereunder together with pre and post judgment interest at the then legal rate shall be payable upon demand.

**Section 3 – Collateral required.** The Undersigned agree that if Surety shall be required or shall deem it necessary to set up a reserve in any amount to cover any claim, demand, liability, expense, suit, order, judgment or adjudication under or on any Bond(s) or for any other reason whatsoever, the Undersigned will immediately upon demand deposit with Surety an amount of money or collateral in an amount sufficient to cover such reserve and any increase thereof, or for any payment or compromise of any liability, claims, demands, judgment, damages, fees and disbursements or other expenses; and, the Undersigned, in the event of their failure to comply with such demand, hereby authorize and empower any attorney of any court of record of the United States or any of its territories or possessions, to appear for them or any of them in any suit by Surety and to confess judgment against them or any of them for any sum or sums of money so paid or for which the Surety is obligated, together with any and all costs, interest and fees including attorneys' fees; such judgment, however, to be satisfied upon the payment of any and all such sums as may be found due from the Undersigned to Surety under the terms of this Agreement. The authority to confess judgment as set forth herein shall not be exhausted by any single use thereof, but may be exercised from time to time and more than onetime until all liability of the Undersigned to Surety shall have been paid in full. Demand shall be sufficient, whether or not actually received, if sent by registered or certified mail to the Undersigned at the address or addresses given herein or last known to Surety.

Copyright 2006, Capitol Transamerica Corporation



**Section 4 – Surety's use of collateral.** The Undersigned hereby authorize and agree that all collateral and/or security held by or assigned to the Surety may be used by the Surety at anytime in payment of any claim, loss or expense incurred by the Surety, whether or not such claim, loss, costs, fees, including attorney's fees or expense, or premium due, arises out of or in connection with such Bond(s) for which such collateral is held. The Surety may sell or realize upon any or all such collateral and/or security, at public or private sale, with or without notice to the Undersigned or any of them, and with the right to be purchaser itself at any public sale, and shall be accountable to the Undersigned only for such surplus or remainder of such collateral and/or security or the proceeds thereof as may be in the Surety's possession after it has been fully indemnified and made whole, as provided for in this Agreement. The Surety shall under no circumstances be liable for any decrease in value or loss or destruction of or damage to such collateral and/or security, however or by whomsoever caused. Surety shall have the right, in its sole discretion, to retain said collateral or security for a period of twelve (12) months or until the liability of the Surety, on account of having executed said Bond(s), shall cease and it be so determined.

**Section 5 – Breach of this Agreement.** The Undersigned agree that the Surety shall have the right, at its sole option and discretion; (a) To deem this Agreement breached should the Principal or any of the Undersigned become involved in any agreement or proceeding of liquidation, receivership, or bankruptcy, voluntarily or involuntarily, or should the Undersigned, if an individual die, or if there is a change more then 10% interest in the ownership of the bonded Principal, or if the principal or any of the officers or shareholders holding 10% or more of the ownership of the principal be convicted of a felony, become a fugitive from justice, or for any reason disappear and cannot immediately be found by the Surety; and, (b) Failure of the Undersigned to adjust, settle or compromise any claim, demand, suit or judgment upon said Bond(s), or any of them, unless the Undersigned shall have requested in writing that the Surety litigate such claim or demand, or defend such suit, or appeal from such judgment, and shall deposit with the Surety, at the time of the request, cash or collateral satisfactory to the Surety in an amount to be used in paying any judgment(s) rendered together with all interest, costs, expenses, fees and attorneys' fees. All damage(s), loss, cost(s), expense(s), fees including attorney's fees of any nature that the Surety may sustain or incur under this Section shall be borne solely by the Undersigned.

**Section 6 - Assignment of Indemnitor's property.** For the better protection of the Surety, if any bond is executed or issued by the Surety, the Undersigned, and each of them agree to and by these presents, do hereby assign, transfer and convey to the Surety, all of their right, title, interest and estate in and to all of their property, real, personal or mixed, wherever situated or of whatever nature, in which the Undersigned presently have, or may hereafter obtain, / an interest including but not limited to the property hereinafter described, such assignment to be effective as of the date hereof, subject to being defeated in the event there is: no abandonment of, or breach, delay, or default in the performance of any of the obligations contained in any of the Bond(s); no abandonment of, or breach, delay or default in the performance of any of the provisions of this Agreement or any other agreement between the Surety and any one or more of the Undersigned; no failure or inability on the part of the Principal to promptly pay, satisfy or discharge any and all of the obligations which might constitute a possible claim or liability under any such Bond(s); no declaration of default by any obligee named in any such bond(s) or by any supplier or subcontractor of said Principal:

(a)  All their right, title and interest in and to all equipment, machinery, tools, plant and materials of every nature and description that may now or hereafter be located in, on, or about the site of any work in any contract, and covered by any such Bond(s), or elsewhere for the purposes thereof, including all materials purchased, ordered or chargeable to any contract which may be in the process of manufacture or in construction, or in transportation, storage elsewhere or otherwise to be utilized, used or consumed in performing bonded obligations.

(b)  All their right, title and interest in and to, or growing out of, any such contract or any extensions, modifications, changes, alterations or additions thereto, and all their right, title and interest in and to all rights, actions, causes of action, claims and demands whatsoever which the Undersigned or any of them have or acquired in any subcontract or purchase order in connection with any such contract or bonded obligation(s), or any and all actions, causes of actions, claims and demands whatsoever against any material supplier, laborer, or any person, firm or corporation agreeing to furnish services, labor, material, supplies, machinery, tools or other equipment in connection with or on account of any and all contracts referred to in or covered by the Bond(s); and against any surety or sureties of any party, subcontractor, laborer, or material supplier.

(c)  All their right, title and interest in and to all monies due or to become due to the Undersigned under any contract(s) covered by any such Bond(s) or other obligation(s) herein or hereinafter applied for, including, but not limited to, progress payments, deferred payments, retained percentages, compensation for extra work and proceeds of any related claims, said assignment to be effective as stated above or in the event that the Surety, at its option, shall notify the obligees under any such Bond(s) that this assignment is in force. To implement the foregoing, the Undersigned hereby grant to the Surety power of attorney to endorse in their name(s) as the payee(s), and to collect any checks, drafts, warrants or other instruments made or issued in payment of any such sums and to disburse the proceeds thereof.

**Section 7 - Right of Surety to have Principal treated as trustee and collateral and/or contract funds treated as trust funds.** It is understood by the Undersigned, agreed and hereby expressly declared that all collateral held by Surety and/or monies due or to become due under the contract(s) or obligation(s) covered by such Bond(s) are trust funds, whether in the possession of the Principal or otherwise, for the benefit of and for payment of all obligations for performance, labor and material furnished in connection with such contract(s) or obligation(s) for which the Surety would be liable under the Bond(s); and which said trust also inures to the benefit of the Surety for any liability, loss, cost, expense or fees including attorney's fees, it may have or sustain under the Bond(s); and this Agreement and declaration shall also constitute notice of such trust.

  Copyright 2006, Capitol Transamerica Corporation

**Section 8 - Deposits of funds with Surety to cover any reserves.** If for any reason the Surety shall be required or at its option and in its sole discretion shall deem it necessary to establish any reserve and/or to obtain additional collateral to cover any:

(a)  Judgment, actual or contingent, with interest and costs, in any action instituted against the Principal and/or the Surety; or,

(b)  Unadjusted claim(s) under the Bond(s) of which the Surety has notice, whether in suit or otherwise; or,

(c)  Loss, costs, attorney's fees, engineer's fees, investigative charges and/or other disbursements and expenses in connection with the Bond(s) or in anticipation of liability there under, whether or not the Surety paid such sums or any part thereof; or,

(d)  Any default(s) of the Undersigned; or,

(e)  Abandonment of any contract(s), or obligation(s), or failure to comply with any material provision thereof or cease to promptly Perform any part of the work or obligation(s) required to be performed there under, or to pay any obligation(s), claim(s) of suppliers of labor, material or services required under the contract(s) or obligations; or,

(f)  Should any liens be filed; or,

(g)  For any disputes with the owner(s) or obligee(s); or,

(h)  For any reason whatever and regardless of any proceedings contemplated or taken by the Principal or of any pending appeal; the Undersigned, shall within 10 calendar days after receipt by any of the Undersigned of written demand by registered or certified mail, the Undersigned shall deposit with the Surety cash or collateral in the amount demanded to cover the foregoing, to be held by the Surety as collateral with the right to use any such funds or any part thereof, at any time, without notice to the Undersigned in payment or compromise of any judgment(s), claim(s), liability(ies), loss(es), damages, expense(s), fees including attorney's or other fees, and other disbursements in connection with the Bond(s) or in anticipation of loss there under. If Undersigned shall fail to deposit such cash or collateral with the Surety, upon such request, the Surety at its sole option and discretion, may engage counsel to proceed by Quia Timet or other type of suit or otherwise to procure the deposit with the Surety of cash or collateral and Undersigned shall be obligated to pay the Surety its cost(s), charges and expenses including attorney's fees, incident to such litigation.

The Surety is hereby irrevocably authorized by Undersigned to release or return to Undersigned any part of such cash or collateral at any time, without prejudice to any of the Surety's present or future rights, remedies and defenses against Undersigned. Any notice or demand hereunder shall be sufficient if sent by registered mail or certified mail to Undersigned at the address stated in this Agreement or the last known address.

**Section 9 – Consent of Undersigned.** Each of the Undersigned expressly consents that in the event of any action against the Surety arising out of its execution of any Bond(s) which is not handled pursuant to the provisions of Section 5 subparagraph (b), the Surety shall have the right to apply to the Court in which such action is brought for an order making the Undersigned or any one or more of them defendants and hereby further consent to the granting of such Order by the Court and each of the Undersigned agree(s) to waive service of process, consents to the jurisdiction on the Court and to become parties defendant.

**Section 10 – Right of Surety to determine liability.** The Undersigned consent and agree that the Surety shall have the exclusive right for itself and for the Undersigned to decide and determine whether any claim, demand, suit or judgment upon the Bond(s) shall be paid, settled, defended or appealed, and its determination shall be final, conclusive and binding upon the Undersigned (except as provided in Section 5, subparagraph (b) hereof); and, any loss, costs, charges, expense or liability thereby sustained or incurred, as well as any and all disbursements on account of costs, expenses, fees and attorneys' fees, deemed necessary or advisable by the Surety, shall be borne and paid immediately by the Undersigned, together with simple interest at the rate of 12% per annum. In the event of any payment(s) including the cost of any investigation, consultant fees or any other expenses incurred, settlement, compromise, an itemized statement of the payments, loss, costs, damages, expenses or attorneys' fees, sworn to by a representative of the Surety will be furnished to the Undersigned upon written request. The voucher(s) or other evidence of such payment, settlement or compromise shall be prima facie evidence of the fact and extent of the liability of the Undersigned, their trustees, heirs, assigns and successors, jointly and severally, to the Surety arising from any of the obligations contained in or arising from any and all obligations created by this Agreement of Indemnity or any Bond(s) written by the Surety pursuant to this Agreement, and in any and all matters arising between the Undersigned and the Surety.

**Section 11 – Surety's access to financial books and records of Undersigned.** Each of the Undersigned consent and agree that until the Surety shall have been furnished with written evidence of its total discharge without loss, cost or expense from any Bond; the Surety shall have the right during normal business hours to access to the books, records and accounts of each of the Undersigned for the purpose of examining the same. The Undersigned hereby authorize and request any and all depositories in which funds of any of the Undersigned may be deposited to furnish to the Surety the amount of such deposits as of any date requested and any person, firm or corporation doing business with the Undersigned is hereby authorized to furnish any information requested by the Surety concerning any transaction. The Surety may, in accordance with prevailing law and this Agreement, furnish copies of any and all statements, agreements and financial statements and any information, which is now, has or may hereafter obtain concerning each of the Undersigned, to other persons or companies for the purpose of procuring co-suretyship or reinsurance.

**Section 12 – Waiver of Exemptions.** Each of the Undersigned does, jointly and severally, bind his or her property and does hereby release and abandon, as to the Surety all right to claim any property, including their homestead, as exempt from levy, execution sale or other legal process under the law of any state, province or other government, as against the rights of the Surety to proceed against the Undersigned for indemnity hereunder.

**Section 13 – Surety to be treated as a personal surety.** The Surety shall have every right and remedy which a personal surety without compensation would have or have had, including the right to institute a Quia Timet proceeding and the right to secure its own discharge from any undertaking of suretyship entered into at the request of or for the benefit of the Undersigned, and nothing herein contained shall be considered or construed to waive, abridge or diminish any right or remedy which the Surety might have if this Agreement were not executed. The Undersigned will, on request of the Surety procure, at their sole expense, the discharge of the Surety as causes of action may accrue, and/or the termination of any suit shall not bar any subsequent requirement or action. The Surety shall be notified immediately by the Undersigned of any claim or action, which may result in a claim against or liability of the Surety, such notice to be given by registered mail to the Surety at its *Home Office, Attn: Claim Department, 1600 Aspen Commons, Middleton, WI 53562.* In the event of legal proceedings against the Surety, upon or on account of the Bond(s) executed, the Surety may proceed as set forth in Section 8 hereof against any or all of the Undersigned. The Undersigned and each of them hereby consents to the granting entering of and to allow a judgment(s) to be rendered against any of the Undersigned, jointly and severally in like amount and in favor of the Surety, at the Sureties' sole discretion, when a judgment(s) is/are rendered against the Surety.

          Copyright 2006, Capitol Transamerica Corporation

**Section 14 – Declination to write bonds.** The Surety may decline to execute any Bond(s) herein applied for and it shall not be liable to the Undersigned and the Undersigned shall make no claim for any damages alleged to arise from such declination, nor shall the Surety be liable to the Undersigned should any its Bond(s) be not accepted for any reason. Furthermore, the Surety shall have the absolute right to cancel any Bond(s) in accord with any cancellation provision contained therein, to procure its release from any Bond(s) under any applicable law pertaining to the release of sureties; and, the Surety is hereby released from any liability for expense, cost of damage alleged to be sustained by the Undersigned by reason of such cancellation or release of its bond obligation(s).

**Section 15 – Rights of co-sureties and reinsurers** In the event the Surety executes any Bond(s) with co-sureties or reinsures any portion of the Bond(s) or procures the execution of the Bond(s), the Undersigned agree that all the terms and conditions of this Agreement shall apply and operate for the benefit of the Surety, the co-sureties, and any reinsurer.

**Section 16 – Execution of Bonds.** The Undersigned warrant that each of them is specifically and beneficially interested in the obtaining of the Bond(s). The Surety may regard a written request signed by the Undersigned and addressed to the Surety or any of its agents as authority for the Surety to execute the Bond(s) specified in the request. Any bond executed upon such authority shall be subject to all of the terms and conditions of this Agreement, but the Surety does not guarantee that it will issue the Bond(s) upon such request nor can it guarantee the acceptance by the obligee(s) of the Bond(s). FURTHER, THE SURETY RESERVES the right to decline to execute any Bond(s) of any kind. Such declination shall not diminish or alter the liability of the Surety as a result of having executed any other Bond(s).

**Section 17 – Indemnity Agreement not to Limit Rights of Surety.** This Agreement shall not, nor shall acceptance by the Surety of payment for its suretyship, nor agreement to accept, nor acceptance by it at any time of other collateral or security, nor assent by it to any act of the Undersigned, or of any person acting on behalf of the Undersigned, in any way abridge, defer or limit its right to be subrogated to any right or remedy, nor limit or abridge any right or remedy which the Surety otherwise might or may have, acquire, exercise or enforce, nor create any liability on the part of the Surety which would not exist were this Agreement not executed.

**Section 18 – Continuing Obligation, Release of Indemnity.** The Undersigned understand, recognize and agree that this Agreement is a continuing obligation applying to and for all of the purposes set forth herein coupled with that of indemnification of the Surety as to any and all Bonds (whether or not covered by any separate application signed by Undersigned; and, any such application shall be considered as merely supplemental to this Agreement) heretofore or hereafter executed by the Surety on behalf of the Undersigned (whether acting alone or as a co-adventurer) until this Agreement shall be cancelled according to its terms. Any of the Undersigned may notify, in writing, the Surety at its *Branch Office, 1600 Aspen Commons, Middleton, WI 53562,* of the withdrawal by the Undersigned from this Agreement. Such notice shall be sent by certified or registered mail and shall state when, not less than thirty days after receipt of such notice by the Surety, such withdrawal shall be effective. The Undersigned will not be liable under this Agreement for any Bond(s) executed by the Surety after the effective date of such notice; PROVIDED HOWEVER, that as to any and all such Bonds executed or authorized by the Surety prior to effective date of such notice and as to all and all renewals, continuations and extensions thereof or substitutions therefore regardless of when the same were or are executed, renewed, extended or continued, the Undersigned shall be and remain fully liable therefore, as if said notice had not been served. Such withdrawal by any Undersigned shall in no way affect the obligation of or operate as a release of any other of the Undersigned not having given signed written notice of termination. A non-signing spouse, shall be considered as not having requested a release and shall continue to be bound hereby.

**Section 19– Surety's right to consent to changes.** The Undersigned hereby consent and agree that the Surety shall have the right, and is hereby authorized and empowered but not required: (a) To increase or decrease the penalty or penalties of any the Bond(s), to change the obligee(s) therein, to execute any continuations, enlargements, modifications and renewals thereof or substitute therefore with the same or different conditions, provisions and obligees, and with the same, larger or smaller penalties, it being agreed that this Agreement shall apply to and cover such new or changed Bond(s) or renewals even though the consent of the Surety may or does substantially increase the liability of the Undersigned; (b) To take such steps as it may deem necessary or proper to obtain the Surety's release from liability under any the Bond(s).

**Section 20 - Appointment of Surety as Attorney-in-Fact of the Undersigned.** The Surety shall have and may exercise, in the name of the Undersigned or otherwise, any right, remedy or demand which the Undersigned may have for the recovery of any sums paid by the Surety because of the Bond(s), and any renewals or extensions, together with all other rights, remedies and demands which the Undersigned may have. The Undersigned hereby assign these rights, remedies and demands to the Surety with full power of attorney, in the name of the Undersigned or otherwise, to do anything which the Undersigned might legally do, if personally present and if this instrument were not executed. The Undersigned hereby appoint Surety their attorney for that purpose. The Undersigned also hereby irrevocably nominate, appoint and designate the Surety, and its officers, agents and employees, as their attorney-in-fact, with the right, but not the obligation, to exercise all of the rights and interests in property of the Undersigned assigned and transferred to the Surety, and in the name of the Undersigned to make, execute and deliver any additional documents (including, but not limited to, deeds, mortgages, subordination agreements, financing statements and assignments) deemed necessary by the Surety in order to give full effect to the intent and meaning of this appointment and Agreement. The Undersigned hereby ratify and confirm all acts to be taken by the Surety as attorney-in-fact. The Surety shall also have the right to fill in any blanks in this Agreement, or otherwise complete it on behalf of the Undersigned. It is not intended by this assignment that the Surety shall be obligated to perform or discharge, or that it undertake, assume or become liable for performance or discharge of any of the terms, covenants or conditions on the part of the Undersigned to be kept and performed in connection with the matters and things assigned herein. Surety shall have no liability for any obligations of the Undersigned unrelated to bonds issued by Surety or this Agreement.

**Section 21 – Enforcement of Agreement.** The Undersigned consent and agree that the Surety shall be entitled to enforce the obligations hereof directly against any or all of the Undersigned without the necessity of first proceeding against the Principal.

**Section 22 – Financing - Security Agreement.** This Agreement shall constitute a Financing Statement and/or a Security Agreement for the benefit of the Surety; all in accordance with the provisions of the laws of every jurisdiction; but the filing or recording of this Agreement shall be solely at the option of Surety and the failure to do so shall not release or impair any of the obligations of the Undersigned under this Agreement or otherwise arising, nor shall such failure be in any manner in derogation of the rights of Surety under this Agreement or otherwise.

**Section 23 - Failure to Execute by Any Party.** Failure to execute, or defective execution, by any Party, shall not affect the validity of this Agreement as to any other of the Undersigned executing the same and each of the other Undersigned shall remain fully bound and liable hereunder. Invalidity of any portion or provision of this Agreement by reason of the laws of any state or for any other reason shall not render the other provisions or portion hereof invalid. Execution of any application for any Bond(s) by the Undersigned, or of any other indemnity agreement by the Undersigned shall in no way abrogate, waive or diminish any rights of Surety under this Agreement. The Undersigned and each of them acknowledge that the execution of this Agreement and the undertaking(s) of indemnity were not made in reliance upon any representation concerning the financial responsibility of the Principal, or concerning the competence of the Principal to perform.

**Section 24 - Liberal Construction.** This obligation shall be liberally construed so as to fully protect and indemnify the Surety.

**Section 25 - Changes and Modifications.** This instrument may not be changed or modified orally. No change or modification shall be effective unless it is written and signed by the Parties sought to be bound.

IN WITNESS WHEREOF, the Undersigned have set their hands and seals on the 30th day of April , 2009.

ATTEST OR WITNESS

x _Pamela M. Landis_____

Name/Title _Pamela M. Landis, Div. of Adm. Operations_

ATTEST OR WITNESS

x _____

Name/Title _____

ATTEST OR WITNESS

x _Pamela M. Landis_____

Print Name _Pamela M. Landis, Div. of Adm. Operations_

ATTEST OR WITNESS

x _Pamela M. Landis_____

Print Name _Pamela M. Landis, Div. of Adm. Operations_

ATTEST OR WITNESS

x _Pamela M. Landis_____

Print Name _Pamela M. Landis, Div. of Adm. Operations_

ATTEST OR WITNESS

x _____

Print Name _____

ATTEST OR WITNESS

x _____

Print Name _____

Jump Oil Company, Inc.
(Type or Print full name of Principal)

By: X _____

Name/Title Steven Miltenberger, President /Corp Sec.

_____
(Type or Print full name of Principal)

By: X _____

Name/Title _____

By: X _____

Print Name Jason Miltenberger, Individually
(Type or Print full name of Indemnitor)

By: X _____

Print Name Steven Miltenberger, Individually
(Type or Print full name of Indemnitor)

By: X _____

Print Name Sondra Miltenberger, Individually
(Type or Print full name of Indemnitor)

By: X _____

Print Name _____
(Type or Print full name of Indemnitor)

By: X _____

Print Name _____
(Type or Print full name of Indemnitor)

## INDIVIDUAL ACKNOWLEDGEMENT*

State of _MO_ County of _Cole_.

On this _30th_ day of _April, 2009_ before me personally come(s) _Sondra Miltenberger, Indvidually; Steven Miltenberger, Individually; and Jason Miltenberger; Indvidually_

To me known and known to me to be the person(s) who (is)(are) the person(s) described in and who executed the foregoing instrument, and acknowledges to me that he/she/they executed the same.

PATRICIA S. DONOVAN
Notary Public - Notary Seal
STATE OF MISSOURI
County of Cole
My Commission Expires 1/30/2010
Commission # 06827145

x _Patricia S. Donovan, Notary_ (Seal)
(Signature and title of official taking acknowledgement)

My Commission Expires _____

## PARTNERSHIP ACKNOWLEDGEMENT*

State of _____ County of _____.

On this _____ day of _____, _____ before me personally come(s) _____

To me known and known to me to be the person(s) who (is)(are) the person(s) described in and who executed the foregoing instrument, and acknowledges to me that he/she/they executed the same.

x _____ (Seal)
(Signature and title of official taking acknowledgement)

My Commission Expires _____

## CORPORATE/LLC ACKNOWLEDGEMENT*

State of _MO_ County of _Cole_.

On this _30th_ day of _April, 2009_ before me personally come(s) _Steven Miltenberger, President/ Corporate Secretary_

To me known and known to me to be the person(s) who (is)(are) the person(s) described in and who executed the foregoing instrument, and acknowledges to me that he/she/they executed the same.

PATRICIA S. DONOVAN
Notary Public - Notary Seal
STATE OF MISSOURI
County of Cole
My Commission Expires 1/30/2010
Commission # 06827145

x _Patricia S. Donovan_ (Seal)
(Signature and title of official taking acknowledgement)

My Commission Expires _____

### (*NOTE: ADD ADDITIONAL SHEETS AS NECESSARY)

Copyright 2006, Capitol Transamerica Corporation



MISSOURI DEPARTMENT OF REVENUE
TAXATION BUREAU
P.O. BOX 300
JEFFERSON CITY, MISSOURI 65105-0300
(573) 751-2611    TDD 1-800-735-2966

| | FORM **670** (REV. 11-2007) | BOND NUMBER 41141689 |

## MOTOR FUEL TAX SURETY BOND

KNOW ALL MEN BY THESE PRESENTS, THAT * Jump Oil Company, Inc.

of the City of Jefferson City , County of Cole

state of Missouri , as Principal, and Platte River Insurance Company

a corporation duly organized and existing under and by virtue of the laws of the state of Connecticut

and authorized to become sole surety on bonds in the state of Missouri, in the maximum sum of Three Hundred Thousand and

00/100------------------------------------------- dollars ($ 300,000.00 ), lawful money of the United States, for payment of which well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THE FOREGOING OBLIGATION is such that, whereas the said principal has applied for, or has obtained a license to engage in business as a: Motor Fuel Distributor
as that term is defined in Missouri revised Statutes, and under the provisions of the Missouri Motor Fuel Tax Law, the provisions of which law and any existing or hereafter enacted amendments thereto being by reference, made a part hereof.

NOW, THEREFORE, if said principal shall promptly file true, correct and timely tax reports and pay, within the time required by law, to the Missouri Department of Revenue, any and all taxes and fees becoming due, under said law and any existing hereafter enacted amendments thereto, by reason of said principal receiving fuel in this state, together with any and all penalties and interest which may accrue on said taxes and fees; and if said principal shall faithfully comply with all requirements of the Missouri Department of Revenue, then this obligation shall be void; otherwise to remain in full force and effect.

The principal hereby expressly authorizes and requests the Director of Revenue to release information to the surety relating to any delinquency in the payment of any fuel tax and fees arising during the period this bond shall be in effect and hereby releases the Director of Revenue and all other persons having administrative duty under Chapter 142, RSMo from any liability under Section 32.057 RSMo pursuant to the release of such information.

IN WITNESS WHEREOF, the said principal's hand and seal has been set hereunto, and the said surety has caused these presents to be signed by its Attorney In Fact, and its corporate seal to be hereunto affixed this the 13th

day of May 2009

The surety on this bond shall be released and discharged from any and all liability to the state of Missouri accruing on such bond after the expiration of sixty days from the date upon which such surety shall have lodged with the director of revenue written request to be released and discharged; but the request shall not operate to relieve, release or discharge such surety from any liability already accrued or which shall accrue during and before the expiration of said sixty-day period.

| ATTEST: (SEAL BY SURETY) | SIGNATURE OF PRINCIPAL * Jump Oil Company |
| | Steven Miltenberger, President |
| | SURETY (NAME AND ADDRESS) Platte River Insurance Company |
| | 115 Glastonbury Blvd, Glastonbury, CT 06033 |
| *William J. Nemec*, Attorney-In-Fact | Telephone: (860) 494-4921 |
| William J. Nemec, Attorney-In-Fact | BY ATTORNEY IN FACT Michael D. Williams, Attorney-In-Fact |

* If principal is an individual or partnership doing business under a firm name said fact must be shown in the body of the bond, such as "That John Doe, an individual d/b/a Doe Oil Co." as principal, or "That John Doe and Richard Roe, partners, d/b/a D. and R. Oil Co." as principal; If principal is corporation, the signature must be the name of the corporation by the proper officer and said signature must be attested by the proper officer; if partnership, each partner must sign.

MO 860-0033 (11-2007)          This publication is available upon request in alternative accessible format(s).



Acknowledgment of Surety

State of Minnesota
County of Hennepin

On this 13th day of May, 2009 before me personally appeared **Michael D. Williams** who acknowledged that he or she is the attorney in fact who is authorized to sign on behalf of **Platte River Insurance Company** (surety company), the foregoing instrument, and he thereupon duly acknowledged to me that he executed the same.

Notary Public

TANYA MIEKO FUKUSHIMA
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2014

COPY

05/26/2009 11:45 AM 1A4D7_9295

# PLATTE RIVER INSURANCE COMPANY
## POWER OF ATTORNEY

**41141689**

KNOW ALL MEN BY THESE PRESENTS, That the **PLATTE RIVER INSURANCE COMPANY**, a corporation of the State of Nebraska, having its principal offices in the City of Middleton, Wisconsin, does make, constitute and appoint

———————— MICHAEL D WILLIAMS; WILLIAM J NEMEC ————————

its true and lawful Attorney(s)-in-fact, to make, execute, seal and deliver for and on its behalf, as surety, and as its act and deed, any and all bonds, undertakings and contracts of suretyship, provided that no bond or undertaking or contract of suretyship executed under this authority shall exceed in amount the sum of

———————— ALL WRITTEN INSTRUMENTS IN AN AMOUNT: $500,000.00 ————————

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of **PLATTE RIVER INSURANCE COMPANY** at a meeting duly called and held on the 8th day of January, 2002.

**"RESOLVED**, that the President, and Vice-President, the Secretary or Treasurer, acting individually or otherwise, be and they hereby are granted the power and authorization to appoint by a Power of Attorney for the purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, one or more vice-presidents, assistant secretaries and attorney(s)-in-fact, each appointee to have the powers and duties usual to such offices to the business of the Corporation; the signature of such officers and the seal of the Corporation may be affixed to such power of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Corporation in the future with respect to any bond or undertaking or other writing obligatory in the nature thereof to which it is attached. Any such appointment may be revoked, for cause, or without cause, by any of said officers, at any time."

IN WITNESS WHEREOF, the **PLATTE RIVER INSURANCE COMPANY** has caused these presents to be signed by its officer undersigned and its corporate seal to be hereto affixed duly attested, this 1st day of January, 2007.

Attest:

David F. Pauly
Chairman & CEO

**PLATTE RIVER INSURANCE COMPANY**

James J. McIntyre
President

STATE OF WISCONSIN
COUNTY OF DANE } S.S.:

On the 1st day of January, 2007 before me personally came James J. McIntyre, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Dane, State of Wisconsin; that he is President of **PLATTE RIVER INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he knows the seal of the said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

Daniel W. Krueger

Daniel W. Krueger
Notary Public, Dane Co., WI
My Commission Is Permanent

STATE OF WISCONSIN
COUNTY OF DANE } S.S.:

**CERTIFICATE**

I, the undersigned, duly elected to the office stated below, now the incumbent in **PLATTE RIVER INSURANCE COMPANY**, a Nebraska Corporation, authorized to make this certificate, **DO HEREBY CERTIFY** that the foregoing attached Power of Attorney remains in full force and has not been revoked; and furthermore, that the Resolution of the Board of Directors, set forth in the Power of Attorney is now in force.

Signed and sealed at the City of Middleton, State of Wisconsin this 13th day of May, 2009

Alan S. Ogilvie
Secretary

THIS DOCUMENT IS NOT VALID UNLESS PRINTED ON GREEN SHADED BACKGROUND WITH A RED SERIAL NUMBER IN THE UPPER RIGHT HAND CORNER. IF YOU HAVE ANY QUESTIONS CONCERNING THE AUTHENTICITY OF THIS DOCUMENT CALL 800-475-4450.

PR-POA (8-07)



## *Platte River Insurance Company*

1600 Aspen Commons • Middleton, WI 53562-4719
P.O. Box 5900 • Madison, WI 53705-0900
Phone: (608) 829-4200 • Toll free: (800) 475-4450
www.capitolindemnity.com



| Claim#: 00164527 | | Bond or Policy#: 0041141689 |
|---|---|---|

### Proof of Claim

**Claimant Name:** MO DEPT OF REVENUE

**Claimant E-mail Address:**

**Claimant Address:** TAXATION DIVISION
P.O. BOX 300
JEFFERSON CITY MO 651050300

**Person(s) Familiar with the Facts and Phone Number and Job Title:** Karen Keeney, RPTIII  (573) 751-7083

**When did you last perform on this job or last supply materials to the Bonded Principal (Date):**

**If this is work or materials for a job, please circle what type of job:**  ☐ Commercial  ☐ Residential

**Name of Bonded Principal:** Jump Oil Co., Inc.  **Amount Claimed or Owed:** $ 300,000
*(attach supporting backup)*

**Email Address of Bonded Principal (if known):** samiltenberger@jumpoil.com

**Contact Person at Bonded Principal:** Steven Miltenberger

**Date of Loss:** 2/11; 3/11; 4/11  **Date Loss Reported to Company:** 5/5/11; 5/26/11; 7/13/11

In the space below, specify the name(s) of the person(s) who caused the loss(es), how the loss(es) were caused and when the loss(es) occurred.  Make reference to and attach hereto any documentary evidence to substantiate these statements.

Jump Oil Co., Inc. defaulted in payment of Missouri motor fuel taxes & fees to their supplier.  The supplier filed a bad debt against Jump Oil Co., Inc.  After the bad debt was filed, the state of Missouri issued assessments to Jump Oil Co., Inc.

*If space provided is insufficient, use other paper and attach hereto.*

CIC-FSNC-F09                    *Platte River Insurance Company*                    Page 1 of 2

EXHIBIT
3
ALL-STATE LEGAL®

In the space below, describe each item of loss for which claim is made and the amount claimed (indicate the interest of any other person, firm or corporation in the item of loss), and each credit to be applied against the items of loss.

| Date of Loss | Description of Item of Loss or Credit | Amounts Claimed or Credited | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

It is understood that the above facts and details of loss are subject to verification, the acceptance and retention of this form by the Company as completed by the undersigned does not constitute a waiver of any stipulation or condition of the bond or policy or an admission of coverage or liability thereunder.

State of  Missouri

_____
Authorized Claimant Signature

County of  Cole

Karen  Keeney
_____
Print Signator's Name

Before me personally appeared  Karen Keeney                                    (Print Name of Above Signator)

Subscribed and sworn before me on this ___11th___ day of ___June___ , 20 _13_

Crista Otto _____ Notary Public

My Commission Expires: ___1/5/2015___

NOTARY SEAL

CRISTA OTTO
My Commission Expires
January 5, 2015
Cole County
Commission #11131478

06/14/2013 03:08 PM 637D8_3949

5-5-11

MISSOURI DEPARTMENT OF REVENUE
TAXATION DIVISION
P.O. BOX 300, JEFFERSON CITY, MO 65105-0300
(573) 751-2611   TDD (800) 735-2966
**DISTRIBUTOR'S MONTHLY TAX REPORT**

| FORM | DLN |
|---|---|
| **4757** (REV. 11-2010) | 201112570000101 |

SEE INSTRUCTIONS ON REVERSE SIDE

| COMPANY NAME | | | MONTH/YEAR 02/2011 | CHECK HERE IF: AMENDED REPORT ☐ | ADDITIONAL REPORT ☑ |
|---|---|---|---|---|---|
| JUMP OIL COMPANY INC | | | | | |

| STREET ADDRESS | P.O. BOX | LICENSE NUMBER | FEIN |
|---|---|---|---|
| 221 BOLIVAR ST, SUITE 400 | | D4758 | |

| CITY | STATE | ZIP | TELEPHONE NUMBER | MITS NUMBER |
|---|---|---|---|---|
| JEFFERSON CITY | MO | 65101 | | |

## GALLONS SUBJECT TO TAX — ROUND TO WHOLE GALLONS

| | COLUMN A Gasoline | COLUMN B 100% Ethyl Alcohol | COLUMN C Gasohol | COLUMN D Aviation Gasoline | COLUMN E Clear Diesel & Clear Kerosene | COLUMN F Dyed Diesel & Dyed Kerosene | COLUMN G Jet Fuel |
|---|---|---|---|---|---|---|---|
| 1. Gallons of blend stock received tax unpaid (From worksheet, Line 6) | | | | | | | |
| 2. Gallons of fuel received in Missouri tax unpaid (From worksheet, Line 5) | 8,923 | | 2,233,136 | | 728,452 | | |
| 3. Gallons of tax exempt product blended for taxable use (From worksheet, Line 17) | | | | | | | |
| 4. Gallons of dyed fuel sold for taxable purposes (From worksheet, Line 11) | | | | | | | |
| 5. Gallons subject to tax (Total of Lines 1, 2, 3, and 4) | 8,923 | | 2,233,136 | | 728,452 | | |
| 6. Gallons of fuel exported, Missouri tax paid (From worksheet, Line 14) | | | | | | | |
| 7. Less allowance (Line 6 times appropriate %) | 3% | 3% | 3% | 3% | 2% | | |
| 8. Net gallons of fuel exported, Missouri tax paid (Line 6 minus Line 7) | | | | | | | |
| 9. Net gallons subject to tax (Line 5 minus Line 8) | 8,923 | | 2,233,136 | | 728,452 | | |

## TAX CALCULATION — ROUND TO WHOLE DOLLARS

| Tax Rates | x $.17 | x $.17 | x $.17 | x $.09 | x $.17 | x $.17 | |
|---|---|---|---|---|---|---|---|
| 10. Tax Due — (Line 9 times appropriate tax rates) $ | 1,517 00 | $ 00 | $ 379,633 00 | $ 00 | $ 123,837 00 | $ 00 | |
| 11. Credit authorization (Attach copy of letter) $ | 00 | $ 00 | $ 00 | $ 00 | $ 00 | 00 | |
| 12. Total motor fuel tax (Line 10 minus Line 11) $ | 1,517 00 | $ 00 | $ 379,633 00 | $ 00 | $ 123,837 00 | 00 | |

## INSPECTION FEE — ROUND TO WHOLE GALLONS AND DOLLARS

| | |
|---|---|
| 13. Gallons subject to inspection fee (From worksheet, total of Lines 5, 6, 17, and 17A) | 2,973,047 |
| 14. Gallons of fuel exported fees paid (From worksheet, Line 14) | |
| 15. Gallons subject to inspection fee (Line 13 minus Line 14) | 2,973,047 |
| 16. Inspection fee due (Line 15 times $0.025 per 50 gallons) (.0005 per gallon) $ | 1,487 00 |
| 17. Credit authorization (Attach copy of letter) $ | 00 |
| 18. Total inspection fee due (Line 16 minus Line 17) $ | 1,487 00 |

## TRANSPORT LOAD FEE — ROUND TO WHOLE DOLLARS

| | |
|---|---|
| 19. Gallons subject to transport load fee (Line 15 above) | 2,973,047 |
| 20. Deduct gallons sold to railroad corporations and airline companies (total from attached Schedule 10K, 10R, or 10Y) | |
| 21. Total gallons subject to transport load fee (Line 19 minus Line 20) | 2,973,047 |
| 22. Transport fee (Line 21 divided by 8,000 gals. x $20.00) (.0025 per gallon) $ | 7,433 00 |
| 23. Credit authorization (Attach copy of letter) $ | 00 |
| 24. Total transport load fee due (Line 22 minus Line 23) $ | 7,433 00 |

## TOTAL TAXES, FEES, AND POOL BOND DUE — ROUND TO WHOLE DOLLARS

| | |
|---|---|
| 25. Total fuel tax due (Line 12, Columns A, B, C, E, and F) $ | 504,987 00 |
| 26. Total aviation gasoline tax due (Line 12, Column D) $ | 00 |
| 27. Total inspection fee due (Line 18) $ | 1,487 00 |
| 28. Total transport load fee due (Line 24) $ | 7,433 00 |
| 29. Total taxes and fees due (Lines 25, 26, 27, and 28) $ | 513,907 00 |
| 30. Penalty (5% per month up to 25% of Line 29) $ | 00 |
| 31. Interest (3% per annum of Line 29) $ | 00 |
| 32. Total taxes, fees, penalty and interest due (Lines 29, 30, and 31) $ | 00 |
| 33. Pool bond amount due (From Form 4759, Schedule 5T) $ | 00 |
| 34. Total amount remitted (Line 32 plus Line 33) $ | 00 |

If you have a credit on Line 34 check one of the boxes:
☐ Credit to next report   ☐ Refund

If you pay by check, you authorize the Department of Revenue to process the check electronically. Any check returned unpaid may be presented again electronically.

I do hereby certify under the penalty of perjury that the foregoing and attached reports are a true and correct statement to the best of my knowledge and a complete and full presentation of all transactions from the best information available. I also declare under penalties of perjury that I employ no illegal or unauthorized aliens as defined under federal law and that I am not eligible for any tax exemption, credit or abatement if I employ such aliens.

| PRINT NAME DOR REPORT | SIGNATURE | TITLE | DATE __ /__ /__ |
|---|---|---|---|

Mail report and payment to: Missouri Department of Revenue, Taxation Division, Excise Tax, P.O. Box 300, Jefferson City, MO  65105-0300.

MO 860-2836 (11-2010)          **This publication is available upon request in alternative accessible format(s).**

## WORKSHEET OF MOTOR FUEL GALLONS

| RECEIPTS (INVOICED GALLONS) | From Schedule | Gasoline | 100% Ethyl Alcohol | Gasohol | Aviation Gasoline | Clear Diesel & Clear Kerosene | Dyed Diesel & Kerosene | Jet Fuel |
|---|---|---|---|---|---|---|---|---|
| 1. Gallons received in Missouri tax and/or fees paid .... | 1 | 7902 | 1,170,521 | | 602,054 | 2,536 | | |
| 2. Gallons received for export, destination state tax paid ......... | 1B | | | | | | | |
| 3. Gallons received tax and/or fee paid with an import payment voucher ........................ | 1C | | | | | | | |
| 4. Gallons imported from another state, Missouri tax and/or fees paid ........................ | 1E | 1,021 | 1,062,575 | | 12,398 | | | |
| 5. Gallons received tax and/or fees unpaid (provide explaination on Schedule 2A) (Example: tank wagon imports) ........ | 2A | 8923 | 2,233,136 | | 728,452 | 2,536 | | |
| 5a. Gallons received of tax exempt product (Example: alcohol, bio-diesel – undyed B100) ... | 2A | | | | | | | |
| 6. Gallons of blend stock received and/or fees unpaid (List type of blend stock _____ (Enter gallons under the appropriate product column) | 2B | | | | | | | |
| 7. Gallons of clear kerosene received fees paid (For sale through barricaded pumps) ........ | 2G | | | | | | | |
| 8. Gallons received tax exempt fuel for sale to U.S. government (Attach copy of Form 4776) ........... | | | | | | | | |
| 9. TOTAL RECEIPTS ................ | | | | | | | | |

| DISBURSEMENTS | From Schedule | Gasoline | 100% Ethyl Alcohol | Gasohol | Aviation Gasoline | Clear Diesel & Clear Kerosene | Dyed Diesel & Kerosene | Jet Fuel |
|---|---|---|---|---|---|---|---|---|
| 10. Gallons sold or used by distributor tax and/or fees paid ..................... | | | | | | | | |
| 11. Gallons of dyed fuel sold for taxable purposes ... | 5 | | | | | | | |
| 12. Gallons of other authorized tax exempt sales (alcohol, bio-diesel – undyed B100) .......... | 10G | | | | | | | |
| 13. Gallons exported (Destination state tax paid to supplier) .............. | 7A | | | | | | | |
| 14. Gallons exported (Missouri tax and/or fees paid) | 7B | | | | | | | |
| 15. Gallons of clear kerosene delivered to filling stations (Barricaded pumps only) ............. | 10J | | | | | | | |
| 16. TOTAL DISBURSEMENTS ........................ | | | | | | | | |

| TAX EXEMPT PRODUCT REMOVED FROM STORAGE FOR BLENDING | From Schedule | Gasoline | 100% Ethyl Alcohol | Gasohol | Aviation Gasoline | Clear Diesel & Clear Kerosene | Dyed Diesel & Kerosene | Jet Fuel |
|---|---|---|---|---|---|---|---|---|
| 17. Gallons of tax exempt product blended during reporting period tax and fees unpaid. ......... | 5W | | | | | | | |
| 17A. Gallons of tax exempt product blended during reporting period fees unpaid. ............. | 10A | | | | | | | |

MO 850-2836 (11-2010)          This publication is available upon request in alternative accessible format(s).

5-26-11                                    *DOR additional*

**MISSOURI DEPARTMENT OF REVENUE**
**TAXATION DIVISION**
P.O. BOX 300, JEFFERSON CITY, MO 65105-0300
(573) 751-2611   TDD (800) 735-2966
**DISTRIBUTOR'S MONTHLY TAX REPORT**

| FORM **4757** (REV. 11-2010) | DLN 2011146700000101 |

SEE INSTRUCTIONS ON REVERSE SIDE

| COMPANY NAME | | MONTH/YEAR 03/2011 | CHECK HERE IF: AMENDED REPORT ☐  ADDITIONAL REPORT ☑ |
|---|---|---|---|
| JUMP OIL COMPANY INC | | | |

| STREET ADDRESS 221 BOLIVAR ST, SUITE 400 | P.O. BOX | LICENSE NUMBER D4758 | FEIN |
| CITY JEFFERSON CITY | STATE MO | ZIP 65101 | TELEPHONE NUMBER | MITS NUMBER |

**GALLONS SUBJECT TO TAX — ROUND TO WHOLE GALLONS**

| | COLUMN A Gasoline | COLUMN B 100% Ethyl Alcohol | COLUMN C Gasohol | COLUMN D Aviation Gasoline | COLUMN E Clear Diesel & Clear Kerosene | COLUMN F Dyed Diesel & Kerosene | COLUMN G Jet Fuel |
|---|---|---|---|---|---|---|---|
| 1. Gallons of blend stock received tax unpaid (From worksheet, Line 6) | | | | | | | |
| 2. Gallons of fuel received in Missouri tax unpaid (From worksheet, Line 5) | 10,541 | | 2,650,482 | | 601,024 | | |
| 3. Gallons of tax exempt product blended for taxable use (From worksheet, Line 17) | | | | | | | |
| 4. Gallons of dyed fuel sold for taxable purposes (From worksheet, Line 11) | | | | | | | |
| 5. Gallons subject to tax (Total of Lines 1, 2, 3, and 4) | 10,541 | | 2,650,482 | | 601,024 | | |
| 6. Gallons of fuel exported, Missouri tax paid (From worksheet, Line 14) | | | | | | | |
| 7. Less allowance (Line 6 times appropriate tax %) | 3% | 3% | 3% | 3% | 2% | | |
| 8. Net gallons of fuel exported, Missouri tax paid (Line 6 minus Line 7) | | | | | | | |
| 9. Net gallons subject to tax (Line 5 minus Line 8) | 10,541 | | 2,650,482 | | 601,024 | | |

**TAX CALCULATION — ROUND TO WHOLE DOLLARS**

| Tax Rates | x $.17 | x $.17 | x $.17 | x $.09 | x $.17 | x $.17 | |
|---|---|---|---|---|---|---|---|
| 10. Tax Due — (Line 9 times appropriate tax rates) | $ 1,792 00 | $ 00 | $ 450,582 00 | $ 00 | $ 102,174 00 | $ 00 | |
| 11. Credit authorization (Attach copy of letter) | $ 00 | $ 00 | $ 00 | $ 00 | $ 00 | $ 00 | |
| 12. Total motor fuel tax (Line 10 minus Line 11) | $ 1,792 00 | $ 00 | $ 450,582 00 | $ 00 | $ 102,174 00 | $ 00 | |

**INSPECTION FEE — ROUND TO WHOLE GALLONS AND DOLLARS**

| | |
|---|---|
| 13. Gallons subject to inspection fee (From worksheet, total of Lines 5, 6, 17, and 17A) | 3,263,054 |
| 14. Gallons of fuel exported fees paid (From worksheet, Line 14) | |
| 15. Gallons subject to inspection fee (Line 13 minus Line 14) | 3,263,054 |
| 16. Inspection fee due (Line 15 times $0.025 per 50 gallons) (.0005 per gallon) | $ 1,632 00 |
| 17. Credit authorization (Attach copy of letter) | $ 00 |
| 18. Total inspection fee due (Line 16 minus Line 17) | $ 1,632 00 |

**TRANSPORT LOAD FEE — ROUND TO WHOLE DOLLARS**

| | |
|---|---|
| 19. Gallons subject to transport load fee (Line 15 above) | 3,263,054 |
| 20. Deduct gallons sold to railroad corporations and airline companies (total from attached Schedule 10K, 10R, or 10Y) | |
| 21. Total gallons subject to transport load fee (Line 19 minus Line 20) | 3,263,054 |
| 22. Transport load fee (Line 21 divided by 8,000 gals. x $20.00) (.0025 per gallon) | $ 8,158 00 |
| 23. Credit authorization (Attach copy of letter) | $ 00 |
| 24. Total transport load fee due (Line 22 minus Line 23) | $ 8,158 00 |

**TOTAL TAXES, FEES, AND POOL BOND DUE — ROUND TO WHOLE DOLLARS**

| | |
|---|---|
| 25. Total fuel tax due (Line 12, Columns A, B, C, E, and F) | $ 554,548 00 |
| 26. Total aviation gasoline tax due (Line 12, Column D) | $ 00 |
| 27. Total inspection fee due (Line 18) | $ 1,632 00 |
| 28. Total transport load fee due (Line 24) | $ 8,158 00 |
| 29. Total taxes and fees due (Lines 25, 26, 27, and 28) | $ 564,338 00 |
| 30. Penalty (5% per month up to 25% of Line 29) | $ 00 |
| 31. Interest (3% per annum of Line 29) | $ 00 |
| 32. Total taxes, fees, penalty and interest due (Lines 29, 30, and 31) | $ 00 |
| 33. Pool bond amount due (From Form 4759, Schedule 5T) | $ 00 |
| 34. Total amount remitted (Line 32 plus Line 33) | $ 00 |
| If you have a credit on Line 34 check one of the boxes: ☐ Credit to next report   ☐ Refund | |

If you pay by check, you authorize the Department of Revenue to process the check electronically. Any check returned unpaid may be presented again electronically.

I do hereby certify under the penalty of perjury that the foregoing and attached reports are a true and correct statement to the best of my knowledge and a complete and full presentation of all transactions from the best information available. I also declare under penalties of perjury that I employ no illegal or unauthorized aliens as defined under federal law and that I am not eligible for any tax exemption, credit or abatement if I employ such aliens.

| PRINT NAME DOR REPORT | SIGNATURE | TITLE | DATE __/__/____ |

Mail report and payment to: Missouri Department of Revenue, Taxation Division, Excise Tax, P.O. Box 300, Jefferson City, MO 65105-0300.

MO 860-2836 (11-2010)          **This publication is available upon request in alternative accessible format(s).**

## WORKSHEET OF MOTOR FUEL GALLONS

| RECEIPTS (INVOICED GALLONS) | From Schedule | Gasoline | 100% Ethyl Alcohol | Gasohol | Aviation Gasoline | Clear Diesel & Clear Kerosene | Dyed Diesel & Kerosene | Jet Fuel |
|---|---|---|---|---|---|---|---|---|
| 1. Gallons received in Missouri tax and/or fees paid .... | 1 | (9041) | | (509,634) | | (462,173) | (1007) | |
| 2. Gallons received for export, destination state tax paid | 1B | | | | | | | |
| 3. Gallons received tax and/or fee paid with an import payment voucher ................ | 1C | | | | | | | |
| 4. Gallons imported from another state, Missouri tax and/or fees paid ................ | 1E | (1,500) | | (1,140,878) | | (38,851) | | |
| 5. Gallons received tax and/or fees unpaid (provide explanation on Schedule 2A) (Example: tank wagon imports) ............... | 2A | 10,541 | | 2,650,482 | | 601,024 | 1007 | |
| 5a. Gallons received of tax exempt product (Example: alcohol, bio-diesel – undyed B100) ... | 2A | | | | | | | |
| 6. Gallons of blend stock received and/or fees unpaid (List type of blend stock _____ (Enter gallons under the appropriate product column) | 2B | | | | | | | |
| 7. Gallons of clear kerosene received fees paid (For sale through barricaded pumps) | 2G | | | | | | | |
| 8. Gallons received tax exempt fuel for sale to U.S. government (Attach copy of Form 4776) ......... | | | | | | | | |
| 9. TOTAL RECEIPTS ................... | | | | | | | | |

| DISBURSEMENTS | From Schedule | Gasoline | 100% Ethyl Alcohol | Gasohol | Aviation Gasoline | Clear Diesel & Clear Kerosene | Dyed Diesel & Kerosene | Jet Fuel |
|---|---|---|---|---|---|---|---|---|
| 10. Gallons sold or used by distributor tax and/or fees paid ................ | | | | | | | | |
| 11. Gallons of dyed fuel sold for taxable purposes | 5 | | | | | | | |
| 12. Gallons of other authorized tax exempt sales (alcohol, bio-diesel – undyed B100) ............ | 10G | | | | | | | |
| 13. Gallons exported (Destination state tax paid to supplier) ................ | 7A | | | | | | | |
| 14. Gallons exported (Missouri tax and/or fees paid) | 7B | | | | | | | |
| 15. Gallons of clear kerosene delivered to filling stations (Barricaded pumps only) ........... | 10J | | | | | | | |
| 16. TOTAL DISBURSEMENTS ................... | | | | | | | | |

| TAX EXEMPT PRODUCT REMOVED FROM STORAGE FOR BLENDING | From Schedule | Gasoline | 100% Ethyl Alcohol | Gasohol | Aviation Gasoline | Clear Diesel & Clear Kerosene | Dyed Diesel & Kerosene | Jet Fuel |
|---|---|---|---|---|---|---|---|---|
| 17. Gallons of tax exempt product blended during reporting period tax and fees unpaid. ......... | 5W | | | | | | | |
| 17A. Gallons of tax exempt product blended during reporting period fees unpaid. ................ | 10A | | | | | | | |

MO 860-2836 (11-2010)          **This publication is available upon request in alternative accessible format(s).**

7-13-11

**MISSOURI DEPARTMENT OF REVENUE**
**TAXATION DIVISION**
P.O. BOX 300, JEFFERSON CITY, MO  65105-0300
(573) 751-2611   TDD (800) 735-2966
**DISTRIBUTOR'S MONTHLY TAX REPORT**
SEE INSTRUCTIONS ON REVERSE SIDE

FORM **4757** (REV. 11-2010)

DLN **201119370000151**

| COMPANY NAME | | | MONTH/YEAR 04/2011 | CHECK HERE IF: AMENDED REPORT ☐ | ADDITIONAL REPORT ☑ |
|---|---|---|---|---|---|
| JUMP OIL COMPANY INC | | | | | |

| STREET ADDRESS | P.O. BOX | LICENSE NUMBER D4758 | FEIN |
|---|---|---|---|

| CITY | STATE | ZIP | TELEPHONE NUMBER | MITS NUMBER |
|---|---|---|---|---|

### GALLONS SUBJECT TO TAX — ROUND TO WHOLE GALLONS

| | COLUMN A Gasoline | COLUMN B 100% Ethyl Alcohol | COLUMN C Gasohol | COLUMN D Aviation Gasoline | COLUMN E Clear Diesel & Clear Kerosene | COLUMN F Dyed Diesel & Kerosene | COLUMN G Jet Fuel |
|---|---|---|---|---|---|---|---|
| 1. Gallons of blend stock received tax unpaid (From worksheet, Line 6) | | | | | | | |
| 2. Gallons of fuel received in Missouri tax unpaid (From worksheet, Line 5) | 1,503 | | 254,846 | | 34,620 | | |
| 3. Gallons of tax exempt product blended for taxable use (From worksheet, Line 17) | | | | | | | |
| 4. Gallons of dyed fuel sold for taxable purposes (From worksheet, Line 11) | | | | | | | |
| 5. Gallons subject to tax (Total of Lines 1, 2, 3, and 4) | 1,503 | | 254,846 | | 34,620 | | |
| 6. Gallons of fuel exported, Missouri tax paid (From worksheet, Line 14) | | | | | | | |
| 7. Less allowance (Line 6 times appropriate %) | 3% | 3% | 3% | 3% | 2% | | |
| 8. Net gallons of fuel exported, Missouri tax paid (Line 6 minus Line 7) | | | | | | | |
| 9. Net gallons subject to tax (Line 5 minus Line 8) | 1,503 | | 254,846 | | 34,620 | | |

### TAX CALCULATION — ROUND TO WHOLE DOLLARS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Tax Rates | x $.17 | x $.17 | x $.17 | x $.09 | x $.17 | x $.17 | |
| 10. Tax Due — (Line 9 times appropriate tax rates) | $ 256 00 | $ 00 | $ 43,324 00 | $ 00 | $ 5,885 00 | $ 00 | |
| 11. Credit authorization (Attach copy of letter) | $ | $ | $ | $ | $ | $ | |
| 12. Total motor fuel tax (Line 10 minus Line 11) | $ 256 00 | $ | $ 43,324 | $ | $ 5,885 | $ | |

### INSPECTION FEE — ROUND TO WHOLE GALLONS AND DOLLARS

| | |
|---|---|
| 13. Gallons subject to inspection fee (From worksheet, total of Lines 5, 6, 17, and 17A) | 293,472 |
| 14. Gallons of fuel exported fees paid (From worksheet, Line 14) | |
| 15. Gallons subject to inspection fee (Line 13 minus Line 14) | 293,472 |
| 16. Inspection fee due (Line 15 times $0.025 per 50 gallons) (.0005 per gallon) | $ 147 |
| 17. Credit authorization (Attach copy of letter) | $ |
| 18. Total inspection fee due (Line 16 minus Line 17) | $ 147 |

### TRANSPORT LOAD FEE — ROUND TO WHOLE DOLLARS

| | |
|---|---|
| 19. Gallons subject to transport load fee (Line 15 above) | 293,472 |
| 20. Deduct gallons sold to railroad corporations and airline companies (total from attached Schedule 10K, 10R, or 10Y) | |
| 21. Total gallons subject to transport load fee (Line 19 minus Line 20) | 293,472 |
| 22. Transport load fee (Line 21 divided by 8,000 gals. x $20.00) (.0025 per gallon) | $ 734 |
| 23. Credit authorization (Attach copy of letter) | $ |
| 24. Total transport load fee due (Line 22 minus Line 23) | $ 734 |

### TOTAL TAXES, FEES, AND POOL BOND DUE — ROUND TO WHOLE DOLLARS

| | |
|---|---|
| 25. Total fuel tax due (Line 12, Columns A, B, C, E, and F) | $ 49,465 00 |
| 26. Total aviation gasoline tax due (Line 12, Column D) | $ 00 |
| 27. Total inspection fee due (Line 18) | $ 147 00 |
| 28. Total transport load fee due (Line 24) | $ 734 00 |
| 29. Total taxes and fees due (Lines 25, 26, 27, and 28) | $ 50,346 00 |
| 30. Penalty (5% per month up to 25% of Line 29) | $ 00 |
| 31. Interest (3% per annum of Line 29) | $ 00 |
| 32. Total taxes, fees, penalty and interest due (Lines 29, 30, and 31) | $ 50,346 00 |
| 33. Pool bond due (From Form 4759, Schedule 5T) | $ 00 |
| 34. Total amount remitted (Line 32 plus Line 33) | $ 50,346 00 |

If you have a credit on Line 34 check one of the boxes:
☐ Credit to next report   ☐ Refund

If you pay by check, you authorize the Department of Revenue to process the check electronically. Any check returned unpaid may be presented again electronically.

I do hereby certify under the penalty of perjury that the foregoing and attached reports are a true and correct statement to the best of my knowledge and a complete and full presentation of all transactions from the best information available. I also declare under penalties of perjury that I employ no illegal or unauthorized aliens as defined under federal law and that I am not eligible for any tax exemption, credit or abatement if I employ such aliens.

| PRINT NAME DOR REPORT | SIGNATURE | TITLE | DATE __/__/__ |
|---|---|---|---|

Mail report and payment to: Missouri Department of Revenue, Taxation Division, Excise Tax, P.O. Box 300, Jefferson City, MO  65105-0300.

MO 860-2836 (11-2010)          **This publication is available upon request in alternative accessible format(s).**

# WORKSHEET OF MOTOR FUEL GALLONS

| RECEIPTS (INVOICED GALLONS) | From Schedule | Gasoline | 100% Ethyl Alcohol | Gasohol | Aviation Gasoline | Clear Diesel & Clear Kerosene | Dyed Diesel & Kerosene | Jet Fuel |
|---|---|---|---|---|---|---|---|---|
| 1. Gallons received in Missouri tax and/or fees paid .... | 1 | | | (228,288) | | (31,615) | | |
| 2. Gallons received for export, destination state tax paid . | 1B | | | | | | | |
| 3. Gallons received tax and/or fee paid with an import payment voucher .......................... | 1C | | | | | | | |
| 4. Gallons imported from another state, Missouri tax and/or fees paid | 1E | (1503) | | (2,558) | | (3,005) | (2503) | |
| 5. Gallons received tax and/or fees unpaid (provide explanation on Schedule 2A) (Example: tank wagon imports) | 2A | 1503 | | 254,846 | | 34,620 | 2,503 | |
| 5a. Gallons received of tax exempt product (Example: alcohol, bio-diesel – undyed B100) ... | 2A | | | | | | | |
| 6. Gallons of blend stock received and/or fees unpaid (List type of blend stock) _____ (Enter gallons under the appropriate product column) | 2B | | | | | | | |
| 7. Gallons of clear kerosene received fees paid (For sale through barricaded pumps) ............. | 2G | | | | | | | |
| 8. Gallons received tax exempt fuel for sale to U.S. government (Attach copy of Form 4776) ........... | | | | | | | | |
| 9. TOTAL RECEIPTS ................. | | | | | | | | |

| DISBURSEMENTS | From Schedule | Gasoline | 100% Ethyl Alcohol | Gasohol | Aviation Gasoline | Clear Diesel & Clear Kerosene | Dyed Diesel & Kerosene | Jet Fuel |
|---|---|---|---|---|---|---|---|---|
| 10. Gallons sold or used by distributor tax and/or fees paid ....................... | | | | | | | | |
| 11. Gallons of dyed fuel sold for taxable purposes .... | 5 | | | | | | | |
| 12. Gallons of other authorized tax exempt sales (alcohol, bio-diesel – undyed B100) | 10G | | | | | | | |
| 13. Gallons exported (Destination state tax paid to supplier) ...................... | 7A | | | | | | | |
| 14. Gallons exported (Missouri tax and/or fees paid) | 7B | | | | | | | |
| 15. Gallons of clear kerosene delivered to filling stations (Barricaded pumps only) ............. | 10J | | | | | | | |
| 16. TOTAL DISBURSEMENTS ........................ | | | | | | | | |

| TAX EXEMPT PRODUCT REMOVED FROM STORAGE FOR BLENDING | From Schedule | Gasoline | 100% Ethyl Alcohol | Gasohol | Aviation Gasoline | Clear Diesel & Clear Kerosene | Dyed Diesel & Kerosene | Jet Fuel |
|---|---|---|---|---|---|---|---|---|
| 17. Gallons of tax exempt product blended during reporting period tax and fees unpaid. ............ | 5W | | | | | | | |
| 17A. Gallons of tax exempt product blended during reporting period fees unpaid. .................. | 10A | | | | | | | |

MO 860-2836 (11-2010)          This publication is available upon request in alternative accessible format(s).

*new payment* *KK*

1/8/13

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

Fax – (573) 526-5915

2013022702000001

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** Jump Oil

**License Number:** D4758          **EDI Filer** (paper check enclosed) ☐

**Reporting Period:** Feb 2011 Bad Debt

**Total Payment/Transfer:** $ 10,000.00

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 10,000 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ 10,000 | $ | $ |

**TOTAL TAX DUE** $ 10,000.00

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | |
| **PENALTY** | $ | $ | |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**

Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.

06/14/2013 03:08 PM 637D8_3949

12/19/2012                                    new payment a

TAXATION DIVISION
PO BOX 300                          Fax – (573) 526-5915
JEFFERSON CITY MO 65105-0300

2012355702000002

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** Jump Oil

**License Number:** D4758        **EDI Filer (paper check enclosed)** ☐

**Reporting Period:** Feb. 2011 billing

**Total Payment/Transfer:** $ 10,000

### TAX

|              | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|--------------|----------|---------|---------|-------------------------------|------------------------|
| **TAX**      | $        | $       | $ 10,000 | $                            | $                      |
| **INTEREST** | $        | $       | $       | $                             | $                      |
| **PENALTY**  | $        | $       | $       | $                             | $                      |
| **CREDIT** (Attach copy) | $ | $   | $       | $                             | $                      |
| **TOTAL**    | $        | $       | $ 10,000 | $                            | $                      |

**TOTAL TAX DUE** $ 10,000

| AVIATION GASOLINE |   |
|-------------------|---|
| **TAX**           | $ |
| **INTEREST**      | $ |
| **PENALTY**       | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL**         | $ |

|              | AG FEE | LOAD FEE | POOL BOND |
|--------------|--------|----------|-----------|
| **FEE**      | $      | $        | $         |
| **INTEREST** | $      | $        |           |
| **PENALTY**  | $      | $        |           |
| **CREDIT** (Attach copy) | $ | $    | $         |
| **TOTAL**    | $      | $        | $         |

**DISTRIBUTOR CREDIT AUTHORIZATION:**     ☐ CREDIT TO NEXT REPORT

                                          ☐ REFUND

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer. If you have any questions, please call Charmaine Owens at 573-522-2406.**

11-29-12 (hand delivery)

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

**Fax – (573) 526-5915**

ne

2012334700000012

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** Jump Oil Company

**License Number:** D4758          **EDI Filer** (paper check enclosed) ☐

**Reporting Period:** 2/11

**Total Payment/Transfer:** $ 20,000

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 20,000 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ 20,000 | $ | $ |

**TOTAL TAX DUE** $ 20,000

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | |
| **PENALTY** | $ | $ | |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**      ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.**

Holly

06/14/2013 03:08 PM 637D8_3949

11/19/12

New payment ✗✗

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

Fax – (573) 526-5915

2012325702000061

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

Company Name: Jump Oil

License Number: D4758

Reporting Period: Feb. 2011 billing

Total Payment/Transfer: $ 10,000 ✓

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| TAX | $ | $ | $10,000 | $ | $ |
| INTEREST | $ | $ | $ | $ | $ |
| PENALTY | $ | $ | $ | $ | $ |
| CREDIT (Attach copy) | $ | $ | $ | $ | $ |
| TOTAL | $ | $ | $10,000 | $ | $ |

TOTAL TAX DUE $ 10,000

### AVIATION GASOLINE

|  |  |
|---|---|
| TAX | $ |
| INTEREST | $ |
| PENALTY | $ |
| CREDIT (Attach copy) | $ |
| TOTAL | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| FEE | $ | $ | $ |
| INTEREST | $ | $ | |
| PENALTY | $ | $ | |
| CREDIT (Attach copy) | $ | | $ |
| TOTAL | $ | $ | $ |

DISTRIBUTOR CREDIT AUTHORIZATION: ☐ CREDIT TO NEXT REPORT

☐ REFUND

Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electroni funds transfer. If you have any questions, please call Charmaine Owens at 573-522-2406.

Holly

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

*New Payment*

Fax – (573) 526-5915

**PAYMENT VOUCHER**
**MISSOURI MOTOR FUEL TAXES & FEES**

2012291702000013

Company Name: _Jump Oil_

License Number: _D4758_           **EDI Filer (paper check enclosed)** ☐

Reporting Period: _Feb 2011_

Total Payment/Transfer: $ _10,000_

**TAX**

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 10,000 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ 10,000 | $ | $ |

TOTAL TAX DUE  $ _10,000_

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | |
| **PENALTY** | $ | $ | |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**        ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.**

06/14/2013 03:08 PM 637D8_3949

US

New payment KK

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

Fax – (573) 526-5915

**PAYMENT VOUCHER**   2012263702000001
MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** Jump Oil

**License Number:** 04758

**Reporting Period:** Feb 2011

**Total Payment/Transfer:** $ 10,000

**EDI Filer** (paper check enclosed) ☐

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 10,000 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ 10,000 | $ | $ |

**TOTAL TAX DUE** $ 10,000

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | |
| **PENALTY** | $ | $ | |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ **CREDIT TO NEXT REPORT**
☐ **REFUND**

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer. If you have any questions, please call Charmaine Owens at 573-522-2406.**

*new payment XX*

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

Fax – (573) 526-5915

20122297020000l

**PAYMENT VOUCHER**
**MISSOURI MOTOR FUEL TAXES & FEES**

**Company Name:** *Jump Oil*

**License Number:** *D4758*    EDI Filer (paper check enclosed) ☐

**Reporting Period:** *Feb 2011 Billing*

**Total Payment/Transfer:** $ *10,000.00* ✓

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ *10,000* | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT (Attach copy)** | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ *10,000* | $ | $ |

**TOTAL TAX DUE** $ *10,000*

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT (Attach copy)** | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ |  |
| **PENALTY** | $ | $ |  |
| **CREDIT (Attach copy)** | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:** ☐ CREDIT TO NEXT REPORT

☐ REFUND

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.**

06/14/2013 03:08 PM 637D8_3949

*New payment* ✗✗

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

Fax – (573) 526-5915

201220070200001

**PAYMENT VOUCHER**
**MISSOURI MOTOR FUEL TAXES & FEES**

Company Name: *JumpOil*

License Number: *D4758*

Reporting Period: *Feb 2011 Billing*

Total Payment/Transfer: $ *10,00200*

EDI Filer (paper check enclosed) ☐

## TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ *10,000* | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ *10000* | $ | $ |

TOTAL TAX DUE  $ *10,000*

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | | | $ |
| **INTEREST** | $ | $ | ███ |
| **PENALTY** | $ | $ | ███ |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**

Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer. If you have any questions, please call Charmaine Owens at 573-522-2406.

*Karen*

TAXATION DIVISION   6/14/12          *new payment*   DC
PO BOX 300                    Fax – (573) 526-5915
JEFFERSON CITY MO 65105-0300

201216770200001

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** _Imp 91_

**License Number:** _D 4758_          **EDI Filer** (paper check enclosed) ☐

**Reporting Period:** _Feb. 2011 additional_

**Total Payment/Transfer:** $ _10,000.00_

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 10,000.00 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ 10,000.00 | $ | $ |

TOTAL TAX DUE  $ 10,000.00

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | |
| **PENALTY** | $ | $ | |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electroni funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.**

_Karen_

*new payment*

walteTAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

Fax – (573) 526-5915

**PAYMENT VOUCHER**
**MISSOURI MOTOR FUEL TAXES & FEES**

201213870200001

**Company Name:** *Jump Oil*

**License Number:** *D4758*

**Reporting Period:** *Feb 2011*   **EDI Filer (paper check enclosed)** ☐   *Billing Distributor*

**Total Payment/Transfer:** $ *10,000.00*

**TAX**

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ *10,000.00* | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT (Attach copy)** | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ *10,000.00* | $ | $ |

**TOTAL TAX DUE** $ *10,000.00*

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT (Attach copy)** | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | |
| **PENALTY** | $ | $ | |
| **CREDIT (Attach copy)** | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ CREDIT TO NEXT REPORT

☐ REFUND

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer. If you have any questions, please call Charmaine Owens at 573-522-2406.**

*Karen*

06/14/2013 03:09 PM 637D8_3949

_new payment_ OK

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

Fax – (573) 526-5915

2012108702000002

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** _Jump Oil_

**License Number:** _D4758_     **EDI Filer (paper check enclosed)** ☐

**Reporting Period:** _Feb 2011 Billing_

**Total Payment/Transfer:** $ _10,000.00_

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ _10,000.00_ | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT (Attach copy)** | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ _10,000.00_ | $ | $ |

**TOTAL TAX DUE** $ _10,000.00_

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT (Attach copy)** | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | |
| **PENALTY** | $ | $ | |
| **CREDIT (Attach copy)** | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:** ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**

Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.

_Karen_

*New payment*  KK

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

Fax – (573) 526-5915

2012075702000002

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** Jump Oil

**License Number:** D4758

**EDI Filer (paper check enclosed)** ☐

**Reporting Period:** Feb 2011

**Total Payment/Transfer:** $ 10,000

## TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 10000 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ 10,000 | $ | $ |

**TOTAL TAX DUE** $ 10,000

| AVIATION GASOLINE |  |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ |  |
| **PENALTY** | $ | $ |  |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer. If you have any questions, please call Charmaine Owens at 573-522-2406.**

*Karen*

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

*new payment* KK

Fax – (573) 526-5915

201204870200001

**PAYMENT VOUCHER**
**MISSOURI MOTOR FUEL TAXES & FEES**

Company Name: _Jump Oil_

License Number: _D 4758_    **EDI Filer (paper check enclosed)** ☐

Reporting Period: _Feb 2011 Billing_

Total Payment/Transfer: $ _10,000.00_

**TAX**

| | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 10,000 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | | $ | $ 10,000 | $ | $ |

TOTAL TAX DUE $ _10,000.00_

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

| | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | ■■■ |
| **PENALTY** | $ | $ | ■■■ |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**    ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**    _Toni_

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.**

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

Fax – (573) 526-5915

*New payment XX*

2012020702000002

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** *Jump Oil Company*

**License Number:** *D4758*          **EDI Filer** (paper check enclosed) ☐

**Reporting Period:** *2/2011*

**Total Payment/Transfer:** $ *10,000* ✓

### TAX

| | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 10,000 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ 10,000 | $ | $ |

**TOTAL TAX DUE** $ 10,000

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

| | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | $ |
| **PENALTY** | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.**

*Karen*

06/14/2013 03:09 PM 637D8_3949

TAXATION DIVISION
PO BOX 300
JEFFERSON CITY MO 65105-0300

*new payment* KP

Fax – (573) 526-5915

20113547020000002

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** *Jump Oil*

**License Number:** *D4758*         **EDI Filer** (paper check enclosed) ☐

**Reporting Period:** *Feb 2011*

**Total Payment/Transfer:** $ *10,000*

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ *10,000* | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **CREDIT** (Attach copy) | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ *10,000* | $ | $ |

**TOTAL TAX DUE** $ *10,000*

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **CREDIT** (Attach copy) | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ |  |
| **PENALTY** | $ | $ |  |
| **CREDIT** (Attach copy) | $ | $ | $ |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ CREDIT TO NEXT REPORT

☐ REFUND         *Karen*

**Please fax this information to Charmaine Owens at 573-526-5915 prior to remitting your payment or electronic funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.**

06/14/2013 03:09 PM 637D8_3949

11-17-11

*new payment*  JD

DIVISION OF TAXATION AND COLLECTION
PO BOX 300
JEFFERSON CITY MO 65105-0300

573-522-2406

**PAYMENT VOUCHER**
**MISSOURI MOTOR FUEL TAXES & FEES**

2011322/0000001

Company Name: Jump Oil Company

License Number: D4758          **EDI Filer** (paper check enclosed) ☐

Reporting Period: 2/2011

Total Payment/Transfer: $ 10,000

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 10,000 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ 10,000 | $ | $ |

**TOTAL TAX DUE** $ 10,000

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | |
| **PENALTY** | $ | $ | |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**          Karen

**Please fax this information to Charmaine Owens at 573-522-1720 prior to remitting your payment or electronic funds transfer.  If you have any questions, please call Charmaine Owens at 573-522-2406.**

06/14/2013 03:09 PM 637D8_3949

10-18-11

DIVISION OF TAXATION AND COLLECTION
PO BOX 300
JEFFERSON CITY MO 65105-0300

2011293/0000002 JP

573-522-2406

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** Jmp Oil Company

**License Number:** D4758          **EDI Filer** (paper check enclosed) ☐

**Reporting Period:** 2/2011

**Total Payment/Transfer:** $ 10,000

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ | $ | $ 10,000 | $ | $ |
| **INTEREST** | $ | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **TOTAL** | $ | $ | $ 10,000 | $ | $ |

**TOTAL TAX DUE** ( $ 10,000 )

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ | $ | $ |
| **INTEREST** | $ | $ | |
| **PENALTY** | $ | $ | |
| **TOTAL** | $ | $ | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**    ☐ **CREDIT TO NEXT REPORT**

☐ **REFUND**

Karen

**Please fax this information to Charmaine Owens at 573-522-1720 prior to remitting your payment or electronic funds transfer. If you have any questions, please call Charmaine Owens at 573-522-2406.**

10-11-11

DIVISION OF TAXATION AND COLLECTION
PO BOX 300
JEFFERSON CITY MO 65105-0300

573-522-2406

2011285702000001

## PAYMENT VOUCHER
## MISSOURI MOTOR FUEL TAXES & FEES

**Company Name:** Jump Oil Company

**License Number:** D4758        **EDI Filer (paper check enclosed)** ☐

**Reporting Period:** February 2011

**Total Payment/Transfer:** $ 200,000.00

### TAX

|  | GASOLINE | ALCOHOL | GASOHOL | CLEAR DIESEL & CLEAR KEROSENE | DYED DIESEL & KEROSENE |
|---|---|---|---|---|---|
| **TAX** | $ 1517.00 | $ | $ 189415.00 | $ | $ |
| **INTEREST** | $ 22.00 | $ | $ | $ | $ |
| **PENALTY** | $ | $ | $ | $ | $ |
| **TOTAL** | $ 1539.00 | $ | $ 189415.00 | $ | $ |

**TOTAL TAX DUE** $ 190,954.00

| AVIATION GASOLINE | |
|---|---|
| **TAX** | $ |
| **INTEREST** | $ |
| **PENALTY** | $ |
| **TOTAL** | $ |

|  | AG FEE | LOAD FEE | POOL BOND |
|---|---|---|---|
| **FEE** | $ 1487.00 | $ 7433.00 | $ |
| **INTEREST** | $ 21.00 | $ 105.00 | |
| **PENALTY** | $ | $ | |
| **TOTAL** | $ 1,508.00 | $ 7,538.00 | $ |

**DISTRIBUTOR CREDIT AUTHORIZATION:**   ☐ **CREDIT TO NEXT REPORT**   TCM

☐ **REFUND**

**Please fax this information to Charmaine Owens at 573-522-1720 prior to remitting your payment or electronic funds transfer. If you have any questions, please call Charmaine Owens at 573-522-2406.**

06/14/2013 03:09 PM 637D8_3949